# LAW OFFICE OF JOSE A. MUNIZ, P.C.
## ATTORNEYS AND COUNSELORS AT LAW

277 BROADWAY, SUITE 108, NEW YORK, NEW YORK 10007
(212) 964-3736   FAX (212) 227-0397
Jamlaw305@aol.com

August 14, 2012

Honorable Dora L. Irizarry
United States District Court Judge
Eastern District Court
225 Cadman Plaza East
Brooklyn New York 11201

      Re:    Carlos Arturo Patino Restrepo v *DHA, DOS,* and *DOJ*
             Civil Action No. 12-cv-805 (Irizarry.J.) (Bloom. M.J.)

Dear Judge Irizarry:

      Please accept this letter in lieu of a formal motion in opposition to the defendants motion to dismiss pursuant to Fed. R. Civ. P. 12 (c) for judgment on the pleadings.

      The defendants argue, inter alia, that the complaint must be dismissed because Plaintiff failed to exhaust his administrative remedies or use the appeal process. As the docket sheet shows, this civil action was commenced by Plaintiff in a *pro se* capacity. Counsel has talked to Plaintiff regarding whether he exhausted his administrative remedies and has reviewed his pleadings and letters to the defendants regarding his request for production of records under FOIA.

      Upon review of the records and relevant law, it appears that the defendants assessment is incorrect and Plaintiff has complied with the statutory requirements in order to bring a FOIA civil action in this Court. This is because Plaintiff filed his initial request to the named defendants on June 3rd, 2011 and the defendants by statute were required to answer within 20 days whether they would release the records. This was not done. Only the Department of State (DOS) released 15 pages of records on May 18, 2012 and four months after Plaintiff initiated the instant civil action. The remaining defendants have not released any FOIA records. Therefore, Plaintiff was not required to exhaust any administrative or appeal remedies. This is clearly supported by case law. See, e.g. *Edmonds v. FBI*, 417 F.3d 1319 (D.C. Circuit 2005) holding that an agency must determine within 20 days whether to comply with such request and immediately notify the person making such request of such determination, 5 U.S.C.S. § 552(a)(6)(A)(i). See also 5 U.S.C.S. § 552(a)(6)(B)(i) and § 552(a)(6)(E)(iii), which provides that "failure by an agency to respond in a timely

Page 2
August 14, 2012

manner" to a request for expedited processing "shall be subject to judicial review. " (emphasis).

The *Edmonds* court further held that in addition to actual exhaustion, FOIA deems a request to be "constructively exhausted" if the agency fails to respond within the time period contemplated in § 552(a)(6)(A)(i) and (ii). 5 U.S.C. § 552(a)(6)(C)(i) (providing that a requesting party "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph"); *see also Taylor, 30 F.3d at 1368* (noting that when the agency has not responded within these statutory time limits, the requester may bring suit). Since no records were produced by all three agencies before filing the instant civil case, this Court has jurisdiction.

Next, the defendants *DHA*, *DOS*, and *DOJ* have failed to meet its obligation under FOIA. In a FOIA case, the government has the burden of proving compliance by showing that it produced the responsive documents on time, that the documents do not exist, or that an exemption from disclosure applies on the facts. 5 U.S.C. § 552(a)(4)(B); *Kronberg v. United States Dep't of Justice*, 875 F. Supp. 861, 865 (D.D.C. 1995) ("In order for summary judgment to be appropriate in favor of the government in a FOIA case, the government must prove 'that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from [the FOIA's] inspection requirements.'") (citing *National Cable Television Ass'n. v. FCC*, 479 F.2d 183, 186 (D.C. Cir. 1973)). Thus, the Court should deny the defendants' motion for judgment on the pleadings under F.R.Cv. P. 12 (c). In their answer to the complaint the defendants do admit on page 4 paragraph 9 (b) that they did not produce any records. Thus, since their is an admission that records have not been produced their remaining arguments are moot and the court has jurisdiction.

The defendants also argue that Plaintiff did not make a request for records dealing with the grand jury minutes from defendant DOS. The request for the grand jury transcripts was made to defendants U.S. Department of Homeland Security and the Drug Enforcement Administration (DEA). The DEA is a component of the U.S. Department of Justice.

See initial request for grand Jury Minutes under FOIA dated June 3rd, 2011 to Department of Homeland Security as *Exhibit A* and to Department of Justice as *Exhibit B*.

See also Second Circuit opinion denying mandamus relief seeking production of grand jury proceedings as *Exhibit C*.

Moreover, it is an agencies duty to seek records from sister agencies if not found within its department.

As it stands, Plaintiff still has not received all the requested evidence as stated in the complaint. The defendants have not provided any information about its searches for records responsive to Plaintiff's requests, much less demonstrated that the search it conducted was reasonable. The defendants have not provided *Vaughn* index, affidavits or declarations describing that searches took place, how the searches were conducted, or whether they were reasonable in scope. Because the defendants have failed to describe the searches in any way, neither the Plaintiff nor the Court has any method of evaluating whether any searches were adequate to satisfy its burden under FOIA.

Conclusion

For the above reasons, this action should continue since the defendants did not comply with their statutory obligation to produce records within the time limitation.

Dated: August 14, 2012
New York, New York.

Yours, etc.,

JOSE A. MUNIZ, ESQ.
Attorney for Plaintiff
277 Broadway, Suite 108
New York, NY 10007
(212) 974-3736

TO:   Margaret M. Kolbe
      Assistant US Attorney
      271 Cadman Plaza East, 7th Floor
      Brooklyn, New York 11201

7007 3020 0001 8162 5198

Date June 3rd, 2011

Carlos Arturo Patino Restrepo
c/o Jose A. Muniz
Attorney at Law
277 Broadway, Suite 108
New York NY 10007

Freedom of Information Officer
U.S. Department of Homeland Security
245 Murray Ln SW # 14
Washington, DC 20528-1002



Re: Freedom of Information Act Request

Dear Sir/Madam:

My name is Carlos Arturo Patino Restrepo. My date of birth is April 27, 1964. My federal Registration number is: 64782-053

This is a request under the Freedom of Information and Privacy Acts, 5 USC 552 and 5 USC 552a.

I request that a copy of the following documents be provided to me:

All records related to me, but not limited to, extradition request to Colombian official and their correspondence letters and notes, memos, criminal records, investigation reports, surveillance report, notes, wire tap records, or that mentions my name and in your possession as well as in the possession of the U.S. Attorney Office in Miami, New York and the U.S Marshals in the Eastern District of New York

I also request copies of my grand jury minutes and any relevant documents regarding my criminal conviction in *USA v Carlos Arturo Patino Restrepo Case No. 02-CR-118 (S-13) (Eastern District of New York)*

I am aware that I am entitled to make this request under the Freedom of Information Act, and if your agency response is not satisfactory, I am prepared to make an administrative appeal. Please indicate to me the name of the official to whom such an appeal should be addressed.

If your agency decides that only a sanitizes copy should be sent to me, I request that I be furnished with the reason why the document(s) is/are sanitized and the name(s) of the person(s) who are responsible for the decision and their official title(s).

I am aware that if my request is denied, I am entitled to know the grounds for the denial and the name(s) of the person(s) who are responsible for the decision and their official title(s).

1



I am presently incarcerated at Nassau County Detention Center in the city of East Meadow, New York and also in MDC Brooklyn New York.

It would be greatly appreciated if you would waive the fees for this FOIA request since I do not have funds available to me because of my incarceration and I need the requested information in order to appeal my case.

Please use the above address in care of my attorney, Jose A. Muniz, Esq., to mail the requested documents.

Your acknowledgment and awaited response is most respectfully appreciated.

Sincerely,

Carlos Arturo Patino Restrepo

I swear under the penalty of perjury that I am the person herein requesting said documents under the FOIA/PA, 28 USC 1746

Date June 3rd, 2011

Carlos Arturo Patino Restrepo
c/o Jose A. Muniz
Attorney at Law
277 Broadway, Suite 108
New York NY 10007

Freedom of Information Officer
U.S. Drug Enforcement Administration
700 Army Navy Drive
Arlington Virginia 22202
Re: Freedom of Information Act Request



Dear Sir/Madam:

My name is Carlos Arturo Patino Restrepo. My date of birth is April 27, 1964. My federal Registration number is: 64782-053

This is a request under the Freedom of Information and Privacy Acts, 5 USC 552 and 5 USC 552a

I request that a copy of the following documents be provided to me:

All records related to me, but not limited to, extradition request to Colombian official and their correspondence letters and notes, memos, criminal records, investigation reports, surveillance report, notes, wire tap records, or that mentions my name and in your possession as well as in the possession of the US Attorney Office in Miami, New York and the US Marshals in the Eastern District of New York.

I also request copies of my grand jury minutes and any relevant documents regarding my criminal conviction in *USA v. Carlos Arturo Patino Restrepo Case No. 02-CR-118 (S-13) (Eastern District of New York)*

I am aware that I am entitled to make this request under the Freedom of Information Act, and if your agency response is not satisfactory, I am prepared to make an administrative appeal. Please indicate to me the name of the official to whom such an appeal should be addressed.

If your agency decides that only a sanitizes copy should be sent to me, I request that I be furnished with the reason why the document(s) is/are sanitized and the name(s) of the person(s) who are responsible for the decision and their official title(s).

I am aware that if my request is denied, I am entitled to know the grounds for the denial and the name(s) of the person(s) who are responsible for the decision and their official title(s)

I am presently incarcerated at Nassau County Detention Center in the city of East Meadow, New York and also in MDC Brooklyn New York

It would be greatly appreciated if you would waive the fees for this FOIA request since I do not have funds available to me because of my incarceration and I need the requested information in order to appeal my case.

Please use the above address in care of my attorney, Jose A. Muniz, Esq., to mail the requested documents.

Your acknowledgment and awaited response is most respectfully appreciated

Sincerely,

*[signature]*
Carlos Arturo Patino Restrepo

I swear under the penalty of perjury that I am the person herein requesting said documents under the FOIA/PA 28 USC 1746

2

B

# MANDATE

E.D.N.Y. - C. Islip
02-cr-1188
Wexler, J.

## United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of May, two thousand eleven,

Present:
    Dennis Jacobs,
        *Chief Judge,*
    Debra Ann Livingston,
        *Circuit Judge,*
    Jed S. Rakoff,*
        *District Judge.*

---

In re Carlos Arturo Patino Restrepo,        11-1060-op

        *Petitioner.*

---

Petitioner, through counsel, has filed a petition for a writ of mandamus directing the district court to provide access to certain records relating to: (1) the proceedings of the grand juries that indicted him, and (2) the district court's methods of selecting grand and petit jurors. Upon due consideration, it is hereby ORDERED that the mandamus petition is DENIED, because Petitioner has not "demonstrate[d] a clear and indisputable right to the issuance of the writ, amounting to a clear abuse of discretion or a usurpation of judicial power." *In re Steinhardt Partners L.P.*, 9 F.3d 230, 233 (2d Cir. 1993). Petitioner also has not demonstrated that a direct appeal from the district court's final judgment would not be an adequate remedy. *See In re Zyprexa Products Liab. Litig.*, 594 F.3d 113, 122 (2d Cir. 2010).

FOR THE COURT:
ine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

*Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

SAO-CLR

MANDATE ISSUED ON 06/21/2011